UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(1) SHI RONG ZHANG, a/k/a "Alan Zhang,"<br>(2) QIU MEI ZENG,<br>(3) CHENGZOU LIU, a/k/a "Sam,"<br>(4) VINCENT FENG,<br>(5) DA ZENG,<br>(6) WEI QING ZENG,<br>(7) XIAN RONG ZENG, and<br>(8) QIU FANG ZENG,<br><br>Defendants | Criminal No.    22cr10185<br><br>Violations:<br><br>Counts One and Two: Money Laundering Conspiracy<br>(18 U.S.C. § 1956(h))<br><br>Count Three: Operating an Unlicensed Money Transmitting Business; Aiding and Abetting<br>(18 U.S.C. § 1960; 18 U.S.C. § 2)<br><br>Count Four: Possession with Intent to Distribute Marijuana<br>(21 U.S.C. §841(a)(1))<br><br>Money Laundering Forfeiture Allegation:<br>(18 U.S.C. § 982(a)(1))<br><br>Unlicensed Money Transmitting Forfeiture Allegation:<br>(18 U.S.C. § 982(a)(1))<br><br>Drug Forfeiture Allegation:<br>(21 U.S.C. § 853) |

INDICTMENT

COUNT ONE
Money Laundering Conspiracy
(18 U.S.C. § 1956(h))

The Grand Jury charges:

From in or about January 2021 through in or about June 2022, in Boston, Hanover, Quincy,

in the District of Massachusetts, the Eastern District of New York, and elsewhere, the defendants,

(1) SHI RONG ZHANG, a/k/a "Alan Zhang,"
(2) QIU MEI ZENG,

1

(3) CHENGZOU LIU, a/k/a "Sam,"
(5) DA ZENG,
(6) WEI QING ZENG,
(7) XIAN RONG ZENG, and
(8) QIU FANG ZENG,

conspired with each other and with others known and unknown to the Grand Jury to:

(a) conduct and attempt to conduct financial transactions, to wit, delivery and transfer of bulk United States currency and wire transfers, knowing that the property involved in such transactions represented the proceeds of some form of unlawful activity, and which in fact involved the proceeds of specified unlawful activity, that is, marijuana trafficking, in violation of Title 21, United States Code, Section 841, and knowing that the transactions were designed, in whole and in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

(b) conduct and attempt to conduct financial transactions, to wit, delivery and transfer of bulk United States currency and wire transfers, knowing that the property involved in such transactions represented the proceeds of some form of unlawful activity, and which in fact involved the proceeds of specified unlawful activity, that is, marijuana trafficking, in violation of Title 21, United States Code, Section 841, and knowing that the transactions were designed in whole and in part to avoid a transaction reporting requirement under State and Federal law, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(ii); and

(c) knowingly engage and attempt to engage in monetary transactions in criminally derived property of a value greater than $10,000, by, through, and to a financial institution, where such property was derived from specified unlawful activity, that is, marijuana

2

trafficking, in violation of Title 21, United States Code, Section 841, in violation of Title 18, United States Code, Section 1957.

All in violation of Title 18, United States Code, Section 1956(h).

COUNT TWO
Money Laundering Conspiracy
(18 U.S.C. § 1956(h))

The Grand Jury further charges:

From in or about January 2021 through in or about June 2022, in Boston, Hanover, Braintree and elsewhere in the District of Massachusetts, the District of New Hampshire, and the Eastern District of New York, and elsewhere, the defendants,

(1) SHI RONG ZHANG, a/k/a "Alan Zhang,"
(2) QIU MEI ZENG,
(4) VINCENT FENG,
(5) DA ZENG,
(6) WEI QING ZENG,
(7) XIAN RONG ZENG, and
(8) QIU FANG ZENG,

conspired with each other and with others known and unknown to the Grand Jury to:

(a) conduct and attempt to conduct financial transactions, to wit, delivery and transfer of access devices, wire transfers, and purchase, sale, and shipment of Apple products, knowing that the property involved in such transactions represented the proceeds of some form of unlawful activity, and which in fact involved the proceeds of specified unlawful activity, that is, access device fraud, in violation of Title 18, United States Code, Section 1029, and knowing that the transactions were designed, in whole and in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

(b) conduct and attempt to conduct financial transactions, to wit, delivery and transfer of access devices, wire transfers, and purchase, sale, and shipment of Apple products, knowing that the property involved in such transactions represented the proceeds of

4

some form of unlawful activity, and which in fact involved the proceeds of specified unlawful activity, that is, access device fraud, in violation of Title 18, United States Code, Section 1029, knowing that the transactions were designed in whole and in part to avoid a transaction reporting requirement under State and Federal law, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(ii); and

(c)    knowingly engage and attempt to engage in monetary transactions in criminally derived property of a value greater than $10,000, by, through, and to a financial institution, where such property was derived from specified unlawful activity, that is, access device fraud, in violation of Title 18, United States Code, Section 1029, in violation of Title 18, United States Code, Section 1957.

All in violation of Title 18, United States Code, Section 1956(h).

COUNT THREE
Operating an Unlicensed Money Transmitting Business; Aiding and Abetting
(18 U.S.C. § 1960; 18 U.S.C. § 2)

The Grand Jury further charges:

From in or about January 2021 through in or about June 2022, in Boston, in the District of

Massachusetts, and the Eastern District of New York, and elsewhere, the defendants,

(1) SHI RONG ZHANG, a/k/a "Alan Zhang,"
(2) QIU MEI ZENG,
(4) VINCENT FENG,
(5) DA ZENG,
(6) WEI QING ZENG,
(7) XIAN RONG ZENG, and
(8) QIU FANG ZENG,

knowingly conducted, controlled, managed, supervised, directed, and owned all or part of an

unlicensed money transmitting business.

All in violation of Title 18, United States Code, Sections 1960 and 2.

6

<u>COUNT FOUR</u>
Possession with Intent to Distribute Marijuana
(21 U.S.C. § 841(a)(1))

The Grand Jury further charges:

On or about December 13, 2021, in Boston and Braintree, in the District of Massachusetts, the defendant,

(3) CHENGZOU LIU, a/k/a "Sam,"

did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1).

## MONEY LAUNDERING FORFEITURE ALLEGATION
(18 U.S.C. § 982(a)(1))

The Grand Jury further finds:

1.    Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Section 1956(h), set forth in Counts One and Two, the defendants,

(1) SHI RONG ZHANG, a/k/a "Alan Zhang,"
(2) QIU MEI ZENG,
(3) CHENGZOU LIU, a/k/a "Sam,"
(4) VINCENT FENG,
(5) DA ZENG,
(6) WEI QING ZENG,
(7) XIAN RONG ZENG, and
(8) QIU FANG ZENG,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offenses, and any property traceable to such property. The property to be forfeited includes but is not limited to, the following:

a.   $58,974 in Apple gift cards, seized from (5) DA ZENG, on March 2, 2022;

b.   $253,900 in cash, seized from (6) WEI QING, on March 3, 3022;

c.   $2,069 in cash, seized from (1) SHI RONG ZHANG a/k/a "Alan Zhang," and (2) QIU MEI ZENG on June 27, 2022;

d.   $9,000 in cash, seized from (1) SHI RONG ZHANG a/k/a "Alan Zhang," and (2) QIU MEI ZENG on June 27, 2022;

e.   $4,000 in cash, seized from (1) SHI RONG ZHANG a/k/a "Alan Zhang," and (2) QIU MEI ZENG on June 27, 2022;

f.   $9,591 in cash, seized from (4) VINCENT FENG, on June 27, 2022;

g.   $2,052 in cash, seized from (7) XIAN RONG ZENG, on June 27, 2022;

h.   $10,960 in cash, seized from (8) QIU FANG ZENG, on June 27, 2022;

i.   A 2017 Mercedes GLC300 vehicle, bearing vehicle identification number WDC0G4kB0HF148637, seized from (3) CHENGZOU LIU, a/k/a "Sam," on December 23, 2021;

8

j.  A 2019 Mercedes GLS550 vehicle, bearing vehicle identification number 4JGDF7DE9KB201977, seized from (1) SHI RONG ZHANG a/k/a "Alan Zhang," and (2) QIU MEI ZENG on June 27, 2022;

k.  A 2016 Mercedes GLA250 vehicle, bearing vehicle identification number WDCTG46B3FJ085355, seized from (8) QIU FANG ZENG, on June 27, 2022;

l.  A 2020 BMW X7 vehicle, bearing vehicle identification number 5UXCW2C06L9B51185, seized from (7) XIAN RONG ZENG, on June 27, 2022;

m.  A Maserati Levante, bearing vehicle identification number ZN661XU34LV343495, seized from (4) VINCENT FENG, on June 27, 2022;

n.  A Ford F-150 vehicle, bearing vehicle identification number 1FJEW1E57LFC13849, seized from (4) VINCENT FENG, on June 27, 2022;

o.  $794,520.20 from the sale of 48 Thorney Meadow Way, Hanover, MA, held in the USMS Seized Asset Deposit Fund;

p.  The real property located at 147 Summer Street, Hanover, Massachusetts, including all buildings, appurtenances, and improvements thereon, more fully described in a Quitclaim Deed recorded with the Plymouth County Registry of Deeds on April 4, 2016, in Book 46767, Page 296; and

q.  The real property located at 73 Rockingham Road, Londonderry, New Hampshire, including all buildings, appurtenances, and improvements thereon, more fully described in a Warranty Deed recorded with the Register of Deeds, Rockingham County, on or about February 17, 2022, Document No. 22007791, Book 6383, Page 2900.

2.     If any of the property described in Paragraph 1, above, as being forfeitable

pursuant to Title 18, United States Code, Section 982(a)(1), as a result of any act or omission of

the defendants --

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third party;

c.  has been placed beyond the jurisdiction of the Court;

d.  has been substantially diminished in value; or

9

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b),

incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property

of the defendants up to the value of the property described in Paragraph 1 above.

   All pursuant to Title 18, United States Code, Section 982(a)(1).

MONEY TRANSMITTING FORFEITURE ALLEGATION
(18 U.S.C. § 982(a)(1))

The Grand Jury further finds:

1.      Upon conviction of the offense in violation of Title 18, United States Code, Section 1960, set forth in Count Three, the defendants,

> (1) SHI RONG ZHANG, a/k/a "Alan Zhang,"
> (2) QIU MEI ZENG,
> (4) VINCENT FENG,
> (5) DA ZENG,
> (6) WEI QING ZENG,
> (7) XIAN RONG ZENG, and
> (8) QIU FANG ZENG,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, and any property traceable to such property.  The property to be forfeited includes but is not limited to, the following:

a. $253,900 in cash, seized from (6) WEI QING, on March 3, 3022;

b. $2,069 in cash, seized from (1) SHI RONG ZHANG a/k/a "Alan Zhang," and (2) QIU MEI ZENG on June 27, 2022;

c. $9,000 in cash, seized from (1) SHI RONG ZHANG a/k/a "Alan Zhang," and (2) QIU MEI ZENG on June 27, 2022;

d. $4,000 in cash, seized from (1) SHI RONG ZHANG a/k/a "Alan Zhang," and (2) QIU MEI ZENG on June 27, 2022;

e. $9,591 in cash, seized from (4) VINCENT FENG, on June 27, 2022;

f. $2,052 in cash, seized from (7) XIAN RONG ZENG, on June 27, 2022;

g. $10,960 in cash, seized from (8) QIU FANG ZENG, on June 27, 2022;

h. A 2019 Mercedes GLS550 vehicle, bearing vehicle identification number 4JGDF7DE9KB201977, seized from (1) SHI RONG ZHANG a/k/a "Alan Zhang," and (2) QIU MEI ZENG on June 27, 2022;

i. A 2016 Mercedes GLA250 vehicle, bearing vehicle identification number WDCTG46B3FJ085355, seized from (8) QIU FANG ZENG, on June 27, 2022;

11

j.  A 2020 BMW X7 vehicle, bearing vehicle identification number 5UXCW2C06L9B51185, seized from (7) XIAN RONG ZENG, on June 27, 2022;

k.  A Maserati Levante, bearing vehicle identification number ZN661XU34LV343495, seized from (4) VINCENT FENG, on June 27, 2022;

l.  A Ford F-150 vehicle, bearing vehicle identification number 1FJEW1E57LFC13849, seized from (4) VINCENT FENG, on June 27, 2022;

m.  $794,520.20 from the sale of 48 Thorney Meadow Way, Hanover, MA, held in the USMS Seized Asset Deposit Fund;

n.  The real property located at 147 Summer Street, Hanover, Massachusetts, including all buildings, appurtenances, and improvements thereon, more fully described in a Quitclaim Deed recorded with the Plymouth County Registry of Deeds on April 4, 2016, in Book 46767, Page 296; and

o.  The real property located at 73 Rockingham Road, Londonderry, New Hampshire, including all buildings, appurtenances, and improvements thereon, more fully described in a Warranty Deed recorded with the Register of Deeds, Rockingham County, on or about February 17, 2022, Document No. 22007791, Book 6383, Page 2900.

2.      If any of the property described in Paragraph 1, above, as being forfeitable

pursuant to Title 18, United States Code, Section 982(a)(1), as a result of any act or omission of

the defendants --

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third party;

c.  has been placed beyond the jurisdiction of the Court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b),

incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property

of the defendants up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 982(a)(1).

DRUG FORFEITURE ALLEGATION
(21 U.S.C. § 853)

The Grand Jury further finds:

13

1.    Upon conviction of the offense in violation of Title 21, United States Code, Section 841, set forth in Count Four, the defendant,

(3) CHENGZOU LIU, a/k/a "Sam,"

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.   The property to be forfeited includes, but is not limited to, the following assets:

    a.  A 2017 Mercedes GLC300 vehicle, bearing vehicle identification number WDC0G4kB0HF148637, seized from (3) CHENGZOU LIU, a/k/a "Sam," on December 23, 2021;

    b.  $49,920 in cash, seized from (3) CHENGZOU LIU, a/k/a "Sam," on April 5, 2021; and

    c.  $158,750 in cash seized from (3) CHENGZOU LIU, a/k/a "Sam," on December 13, 2021.

2.    If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendant -

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the Court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty;

14

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 21, United States Code, Section 853.

A TRUE BILL

FOREPERSON

LAUREN A. GRABER
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: July 28, 2022
Returned into the District Court by the Grand Jurors and filed.

DEPUTY CLERK